IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | | |
|---|---|---|
| OTEEN B. CALLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:10CV748–HEH |
| | ) | |
| SHELETTE'S HOME FOR | ) | |
| ADULTS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION
**(Granting Plaintiff's Petition for Award of Attorneys' Fees and Costs)**

This is an action for unpaid overtime wages and damages under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 *et seq.* It is presently before the Court on Plaintiff's Petition for Award of Attorneys' Fees and Costs. Defendants have filed no opposition, and the time to do so has now expired. For the reasons that follow, Plaintiff's Petition will be granted in part and denied in part. Plaintiff will be awarded $3,545.00 in attorneys' fees and $405.00 in costs.

### I. BACKGROUND

Plaintiff Oteen B. Callis ("Plaintiff") filed this action on October 18, 2010. In her Complaint, Plaintiff alleged that her former employer, Shelette's Home for Adults, Inc., and its co-owners, Christopher Shelton, Edward Shelton, Margaret Shelton, and Thomas Shelton (collectively, "Defendants") failed to pay her overtime wages as required under the FLSA. Defendants did not answer or otherwise respond, and on May 19, 2011 the Court entered default against them. On July 11, 2011, Plaintiff moved for a default

judgment. Defendants remained unresponsive. On September 29, 2011, after conducting a hearing on the amount of Plaintiff's damages, this Court entered default judgment and awarded Plaintiff $9,320.63.

In the instant Petition, filed on September 30, 2011, Plaintiff seeks to recover $3,545.00 in attorneys' fees, including 11.5 hours of work by Plaintiff's counsel, Joanna Suyes ("Ms. Suyes"), at an hourly rate of $250.00, as well as 6.7 hours of work by Ms. Suyes's paralegal at an hourly rate of $100.00. In addition, Plaintiff seeks reimbursement for $506.00 in litigation costs.

## II. STANDARD OF REVIEW

An employee who prevails under the FLSA is entitled to recover her attorneys' fees, as well as "costs of the action." 29 U.S.C. § 216(b). But, the court must exercise its discretion in awarding a "reasonable" amount. *Id.* In making that determination, the court must first calculate the "lodestar" amount by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). Because it "provides an objective basis on which to make an initial estimate of the value of a lawyer's services," this lodestar method generates a presumptively reasonable fee. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986).

"[C]alculation of the lodestar 'does not end the inquiry,'" however. *Lyle v. Food Lion*, 954 F.2d 984, 989 (4th Cir. 1992) (quoting *Del. Valley Citizens' Council*, 478 U.S. at 565, 106 S. Ct. at 3098). The Fourth Circuit has explained that, in assessing the overall

reasonableness of a fee request, a district court's discretion should be guided by the

following twelve factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the
> questions raised; (3) the skill required to properly perform the legal services
> rendered; (4) the attorney's opportunity costs in pressing the instant
> litigation; (5) the customary fee for like work; (6) the attorney's
> expectations at the out-set of the litigation; (7) the time limitations imposed
> by the client or circumstances; (8) the amount in controversy and the results
> obtained; (9) the experience, reputation and ability of the attorney; (10) the
> undesirability of the  case within the legal community in which the suit
> arose; (11) the nature and length of the professional relationship between
> attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson*, 560 F.3d at 243–44.  Although "these factors must be considered … in arriving

at a determination of reasonable attorneys' fees," the district court need not address each

one in extensive detail.  *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978).

### III. ANALYSIS

*A.*

The Court must first determine whether $250 and $100 represent reasonable

hourly rates for Plaintiff's counsel and paralegal, respectively.  A fee applicant bears the

burden of proving that her asserted hourly rate is reasonable.  *Plyler v. Evatt*, 902 F.2d

273, 277 (4th Cir. 1990).  To do so, the movant "must produce satisfactory specific

evidence of the prevailing market rates in the relevant community for the type of work

for which [s]he seeks an award."  *Grisson v. The Mills Corp.*, 549 F.3d 313, 321 (4th Cir.

2008).  The fee applicant may draw from "a range of sources," including "evidence of the

fees [counsel] has received in the past," *Westmoreland Coal Co. v. Cox*, 602 F.3d 276,

3

290 (4th Cir. 2010), or "affidavits from other area attorneys." *Daly v. Hill*, 790 F.2d 1071, 1080 (4th Cir. 1986).

In this case, Plaintiff's counsel has submitted a sworn affidavit describing her credentials and experience in FLSA litigation (Pl.'s Ex. A). Ms. Suyes has also attached to her petition the affidavit of Craig J. Curwood, a Richmond-area attorney well versed in FLSA matters. In his declaration, Mr. Curwood states that "Ms. Suyes's fee of $250 per hour and her paralegal's fee of $100 per hour are all within the range of reasonable and customary fees in this geographic area, based on her qualifications and experience." (Pl.'s Ex. C.)  In light of Mr. Curwood's affidavit, the Court is satisfied that $250 and $100 are reasonable hourly rates for Ms. Suyes and her paralegal. In fact, this Court found $250 to be a reasonable hourly rate in awarding fees to Ms. Suyes in an FLSA case earlier this year, *see Walker v. Dovetails, Inc.*, No. 3:10cv526, 2011 WL 744632, at **2-3 (E.D. Va. Feb. 24, 2011); the Court reaches the same conclusion here.

Second, the Court must assess whether 11.5 and 6.7 hours are reasonable amounts of time for Plaintiff's counsel and paralegal to have expended in this matter. To assist in that determination, Ms. Suyes has submitted an invoice containing detailed time entries for both her work and that of her paralegal (Pl's Ex. B). That invoice reflects a modest amount of time spent meeting with Plaintiff, reviewing relevant documents and conducting legal research, preparing Plaintiff's Complaint and Motion for Default Judgment, and attending proceedings before this Court. On close inspection, the Court finds that Ms. Suyes and her paralegal invested a reasonable number of hours in this matter.

4

As confirmation of its determination, the Court is cognizant of a contingency-fee agreement that Plaintiff attached to her Petition as Exhibit D. *See Blanchard v. Bergeron,* 489 U.S. 87, 93 (1989) ("The presence of a pre-existing fee agreement may aid in determining reasonableness.") (citation omitted). Under the terms of the agreement, Ms. Suyes's firm was entitled to retain for its fee forty percent of any damages awarded to Plaintiff. Of course, as noted, the FLSA permits Plaintiff to recover her attorneys' fees *directly* from Defendants, rather than paying them out of her damages. Still, forty percent provides a helpful benchmark here: Forty percent of Plaintiff's $9,320.63 recovery is $3,728.25; as she now seeks $3,545.00 for the time and labor expended by counsel, Plaintiff's request appears to be proportionate to her damages award in this case.

The Court concludes that the rates requested—$250 for Ms. Suyes and $100 for her paralegal—constitute appropriate lodestar figures, and that Plaintiff's counsel expended a reasonable amount of time working on this case. Upon consideration of the factors set forth by the Fourth Circuit in *Robinson,* the Court finds no reason to adjust the lodestar fee. Accordingly, Plaintiff's request for $3,545.00 in attorneys' fees will be granted.

### B.

The prevailing party in an FLSA action is also entitled to recover her costs. 29 U.S.C. § 216(b). In this case, Plaintiff submitted a Bill of Costs and has provided documentation evidencing $405.00 in taxable costs, including a $350.00 filing fee, a $30.00 fee for service of process by the State Corporation Commission, and $25.00 in

copying costs.[1]  (Pl.'s Proof of Costs.)  Accordingly, Defendants will be required to pay Plaintiff's litigation expenses in the amount of $405.00.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Petition for Award of Attorney's Fees and Costs will be granted in part and denied in part.  Defendant will be ordered to pay Plaintiff $3,545.00 in attorneys' fees and $405.00 in litigation costs.

An appropriate Order will accompany this Memorandum Opinion.

/s/
_____
Henry E. Hudson
United States District Judge

Date: Oct. 12, 2011
Richmond, VA

---

[1] Pursuant to Fed. R. Civ. P. 54 and Local Rule 54(D), private process server fees are not recoverable in this District. Thus, Defendant will not be required to pay the $101.00 expense incurred by Plaintiff for "emergency/same-day service" by a private entity.  (*See* Pl.'s Proof of Costs 2-3.)  This portion of Plaintiff's Petition will be denied.